MARGARET W. DEYMANN, RELATOR, v. MAYOR AND ALDERMEN OF JERSEY CITY AND JOHN SAUL, BUILDING INSPECTOR OF JERSEY CITY, RESPONDENTS.

Submitted October 15, 1926—Decided February 14, 1927.

**Municipalities—Building Permits—Case Before Court in 4 N. J. Mis. R. 571—Proofs Not Then Clear, and That Decision was to Give Relator Opportunity to Show Filing of Plans, Etc.— This the Relator Has Not Done—Same Point and Agreement as Presented in Former Case—There Were Two Sets of Plans—It was Duty of Relator to See That Proper Set of Plans Were Delivered to Department—Writ Denied.**

On return to alternative writ of *mandamus.*

Before Justices KALISCH, KATZENBACH and LLOYD.

For the relator, *Pierre F. Cook.*

For the respondents, *Thomas J. Brogan* and *Frank J. Reardon.*

PER CURIAM.

This is a *mandamus* case. It is the same case which was before this court at the January term, 1926. In an opinion reported in 4 *N. J. Mis. R.* 571, an alternative writ of *mandamus* was at that time allowed because of the confusion of the testimony as to the presentation of plans by the relator to the building department of Jersey City. The proof was not clear. It was the purpose of that decision to give the relator a chance to show the filing of the plans, &c., of the proposed building with the building department. The case is again presented without the relator having availed herself of the privilege afforded her by the former opinion to take further testimony on this subject. The record in this case is the same as in the former case, except that the alternative writ and the return thereto have been inserted. We note that

24

there is no demurrer to the return, so the case is not ripe for decision by this court. Moreover, the method taken is merely to get this court to reverse its former decision.

The first point argued by the relator is that the plans and specifications were regularly presented for approval and filed. This is the same point and argument as presented in the former application. This court then held that the testimony was too confusing an uncertain on this point to warrant the issue of a peremptory writ of *mandamus*. We now entertain the same view.

The relator's second point is that no objection was made to the method of filing the plans and specifications by the building inspector. As was pointed out in the former opinion, the confusion with reference to the plans and specifications evidently arose, because there were two sets, one handed to the department and the other not. It was the duty of the relator to see that the proper set was presented to the department. The argument of the relator, if adopted, would make it the duty of the building inspector to advise the relator that she had not filed the correct set of plans and specifications. The building inspector was under no such duty. If he knew of the relator's mistake, which it does not appear that he did, the city would not be estopped to maintain the position it now takes. The objection made by the respondent is not to the method of filing, but to the absence of any filing of plans and specifications as required.

The third point argued by the relator is that there is no evidence of any allegation made in the return that the building code required any formalities in filing plans and specifications. It is not a question of formalities. The respondent contends that no plans and specifications were filed.

The relator's right was held not to be clear in the former opinion. The relator has chosen to ignore the privilege granted through the allowance of an alternative writ and to come before this court without attempting to clear up the confusion existing in the case.

A peremptory writ is denied, with costs to the respondent.